**CV 14-2432**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

PRINCE CRUZ,

        Plaintiff,

-against-

CITY OF NEW YORK,

        Defendant.
----------------------------------------------------------------X

Civil Action No.:

**BRODIE, J.**

**COMPLAINT**

**JURY TRIAL DEMANDED**

**LEVY, M.J.**

Plaintiff, PRINCE CRUZ, by his attorney, George T. Peters, Esq., complaining of the defendant herein, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. PRINCE CRUZ brings this action for compensatory punitive damages and attorney's fees pursuant to defendant's violation of his civil rights secured by 42 U.S.C. § 1983, 1985, 1986 and 1988, by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and under the laws of the State of New York. PRINCE CRUZ is a twenty seven (27) year old male, citizen of the United States of America, the State of New York, County of Queens.

2. PRINCE CRUZ was deprived of his constitutional and common law rights when defendants CITY OF NEW YORK through its New York City Police Department's agents, employees and/or officers falsely arrested and/or falsely imprisoned PRINCE CRUZ, were negligent in ignoring that PRINCE CRUZ was not the suspect they were looking for, and caused PRINCE CRUZ to become physically, psychologically and emotionally injured. CITY OF NEW YORK was negligent in hiring, retaining and not properly training and supervising its New York City Police Department employees.

## JURISDICTION

3. This action is brought pursuant to Civil Rights Act, 42 U.S.C. §§ 1 1985, 1986 and 1988, and of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. 1331 and 1343 and the aforementioned statutory and constitutional provisions.

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy at give rise to the federally based claims and causes of action.

## VENUE

5. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because the claims arose in this district.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff PRINCE CRUZ is a male resident of the County of Kings in the State of New York.

8. Defendant CITY OF NEW YORK (hereinafter referred to as "CITY" is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of its agencies, New York City Police Department officials, as well as the hiring, screening,

training, supervising, controlling and disciplining of those persons employed by its agencies.

9. Defendant, CITY, employs police officers through the New York City Police Department (hereafter referred to as "NYPD") and as such is responsible for the practices, policies and customs of NYPD.

## STATEMENT OF FACTS

10. On or about June 29, 2013, PRINCE CRUZ, was arrested by NYPD and was charged with destruction of property, resisting arrest and criminal trespassing.

11. Plaintiff, PRINCE CRUZ, resides in Queens, New York.

12. Apparently, police were looking for a suspect with a gun which was not Prince Cruz.

13. CITY through NYPD should have investigated PRINCE CRUZ's identity and not deprived him of his civil rights.

14. NYPD held PRINCE CRUZ in jail for approximately 2 days.

15. On or about January 3, 2014, a New York Supreme Court Judge dismissed the charges against PRINCE CRUZ.

16. CITY through NYPD should have investigated PRINCE CRUZ's identity and not deprived him of his civil rights.

17. At all times mentioned herein, defendants acted intentionally, wilfully, maliciously, negligently and with reckless disregard for and deliberate indifference to PRINCE CRUZ's civil rights.

## FIRST CAUSE OF ACTION
### Deprivation of Plaintiff's Federal Constitutional Rights

### False Arrest

18. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 17 with the same force and effect as if fully set forth herein.

19. As a direct and proximate result of the defendants' actions, PRINCE CRUZ, was deprived of rights, privileges and immunities secured to him under the Constitution and laws of the State of New York and the United States, including, but not limited to his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments and 42 U.S.C. §1983 to be secure in his person, to be protected against cruel and unusual punishment, to be provided with humane conditions of confinement, and to equal protection of the laws.

20. CITY established a custom, policy and/or practice of encouraging, approving and/or tolerating by NYPD's employees improper handling of civilians before, during and after arrests, and subsequent attempts to conceal such actions while failing to adequately train, supervise and discipline its agents, employees and/or officers.

21. CITY and NYPD's actions in participating in, executing, causing to be executed, failing to intervene to cause the cessation of, approving or ratifying the arrest of the plaintiff PRINCE CRUZ violated the civil rights of the plaintiff pursuant to the First, Fourth, Fifth and Fourteenth Amendment to, and the Due Process Clause of the United States Constitution.

22. Defendants CITY and NYPD have adopted municipal policies, practices and customs that have caused the violation complained of herein; and in the alternate have actual or constructive notice of a pattern of constitutional violation described herein and have failed to take action, thereby allowing the continuation of such a policy or custom, and causing the harms complained herein.

23. Defendants' actions were undertaken under the colour of law and would not have existed but for said defendants' use of their official power.

24. The acts and omissions of defendant CITY violated the constitutional rights of the plaintiff PRINCE CRUZ.

25. Defendants CITY and NYPD have tolerated and failed to discipline and/or train officers regarding unlawful conduct towards persons, including specifically false arrest, thereby causing the violations complained of herein.

26. As a result of the aforesaid violation of PRINCE CRUZ's rights, he has sustained emotional, physical and psychological injuries.

27. That by reason of the foregoing, PRINCE CRUZ suffered serious physical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00) as to plaintiff.

## SECOND CAUSE OF ACTION

### False Imprisonment

28. Plaintiff PRINCE CRUZ repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 27 with the same force and effect as if more fully set forth at length herein.

29. At all times relevant herein all defendants acted with the intention of confining PRINCE CRUZ within fixed boundaries, the act directly or indirectly resulted in confinement, and PRINCE CRUZ was conscious of the confinement.

30. Defendants imposed by force or threats an unlawful restraint upon plaintiff PRINCE CRUZ's freedom of movement, to wit by arresting his and transporting him to a facility where he was detained in a cell for approximately 2 days.

31. As a direct and proximate result of the conduct of Defendants, PRINCE CRUZ, suffered harm and damages including but not limited to the aforesaid damages.

32. Defendant CITY is liable for NYPD's actions under the doctrine of respondeat superior.

33. As a result of the foregoing, PRINCE CRUZ seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## THIRD CAUSE OF ACTION

### Negligence

34. Plaintiff PRINCE CRUZ repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 33 with the same force and effect as if more fully set forth at length herein.

35. The above-mentioned acts and conduct committed by defendant CITY constituted negligence for their failure to get PRINCE CRUZ the aid he needed, failure to follow NYPD rules and procedures and failure to otherwise handle the situation properly pursuant to the procedures and guidelines set forth by the NYPD, despite having reasonable opportunity to do so.

36. Defendant CITY, their agents, servants or employees acted negligently, carelessly and recklessly in allowing PRINCE CRUZ's rights to be violated.

37. As a result of the aforesaid, PRINCE CRUZ sustained injuries and damages previously described in this complaint.

38. As a result of the foregoing, PRINCE CRUZ seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## FOURTH CAUSE OF ACTION

### Malicious Prosecution

39. Plaintiff PRINCE CRUZ repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 38 with the same force and effect as if more fully set forth at length herein.

40. THE CITY instituted criminal process against the plaintiff with malice.

41. The charges were not based upon probable cause that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that PRINCE CRUZ was guilty.

42. Defendant has a duty to ascertain whether there was reasonable and probable cause for a prosecution.

43. Defendant breached its duty.

44. The criminal proceeding was terminated in favor of PRINCE CRUZ when the charges were dismissed by the Court.

45. As a result of the foregoing, PRINCE CRUZ seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff PRINCE CRUZ demands the following relief jointly and severally against all defendants as follows:

(1) On the FIRST CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(2) On the SECOND CAUSE OF ACTION against defendants compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(3) On the THIRD CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(4) On the FOURTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(5) That Plaintiff recovers the cost of the suit herein, including reasonable attorneys' fees pursuant to 42 U.S.C. §1988; and

(6) That Plaintiff has such other and further relief, as this Court shall deem just and proper.

Dated: April 15, 2014
New York, New York

George T. Peters, Esq.
Law Office of George T. Peters, PLLC
Attorney for Plaintiff
402 West 145th Street, 2nd Floor
New York, New York 10031
(347) 751-0157
Myatty1@gmail.com